# Case Nos. 14-1167(L), 14-1169, 14-1173

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**TIMOTHY B. BOSTIC**, et al.,

*Plaintiffs-Appellees*,

and

**CHRISTY BERGHOFF, JOANNE HARRIS, JESSICA DUFF, AND VICTORIA KIDD,** on behalf of themselves and all others similarly situated,

*Intervenors*,

v.

**GEORGE E. SCHAEFER, III**, in his official capacity as the Clerk of Court for Norfolk Circuit Court,

*Defendant-Appellant*,

and

**JANET M. RAINEY**, in her official capacity as State Registrar of Vital Records,

*Defendant-Appellant*,

and

**MICHÈLE B. MCQUIGG**, in her official capacity as Prince William County Clerk of Circuit Court,

*Intervenor/Defendant-Appellant*.

On appeal from the United States District Court for the Eastern District of Virginia, Norfolk Division, Case No. 2:13-cv-00395-AWA-LRL
The Honorable Arenda L. Wright Allen

## MOTION OF APPELLANT MCQUIGG FOR STAY OF MANDATE PENDING FILING OF PETITION FOR A WRIT OF CERTIORARI

Byron J. Babione
Kenneth J. Connelly
J. Caleb Dalton
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020 (t); (480) 444-0028 (f)
bbabione@alliancedefendingfreedom.org

David Austin R. Nimocks
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
(202) 393-8690 (t); (480) 444-0028 (f)
animocks@alliancedefendingfreedom.org

*Attorneys for Michèle B. McQuigg*

Pursuant to Federal Rule of Appellate Procedure 41(d)(2) and Fourth Circuit Rule 41, Appellant Michèle B. McQuigg, in her official capacity as Prince William County Clerk of Circuit Court, (Clerk McQuigg) respectfully moves for a stay of the issuance of the mandate in the above-captioned case pending application to the Supreme Court for a writ of certiorari. This Court entered judgment on July 28, 2014. The mandate is thus scheduled to issue on August 18, 2014. *See* Fed. R. App. P. 41(b). Clerk McQuigg intends to file a petition for a writ of certiorari with the Supreme Court within the ninety days permitted. *See* Sup. Ct. R. 13(1). Clerk McQuigg requests a stay that does not exceed the date on which her petition for a writ of certiorari must be filed (October 26, 2014), with a continuance of the stay to follow official notification that the petition has been filed in accord with Federal Rule of Appellate Procedure 41(d)(2)(B). As set forth below, this motion should be granted because the petition for a writ of certiorari will "present a substantial question and . . . there is good cause for a stay." Fed. R. App. P. 41(d)(2)A); Local Rule 41.

Counsel for all parties have been notified of this motion pursuant to Federal Rule of Appellate Procedure 27(a). On behalf of Appellant Janet M. Rainey, the Solicitor General of Virginia has advised that, in light of the forthcoming appeal, Rainey consents to a stay of the mandate pending petition for certiorari, agrees that a stay of the mandate is appropriate pending action by the Supreme Court, and

1

anticipates filing a response in further support of that request. Appellant George E. Schaefer consents to the relief requested. Appellees *Harris* Intervenors do not consent to the relief requested and intend to file an opposition. Counsel for Plaintiffs-Appellees did not respond with their position on this motion.

## INTRODUCTION

This case challenges the constitutionality of Virginia's laws defining marriage as the union of a man and a woman. In a similar case involving Utah's marriage laws, the Supreme Court stayed the lower court's ruling and thereby affirmatively signaled to the lower courts that they should stay enforcement of judgments in similar cases pending the exhaustion of appeals. *See Herbert v. Kitchen*, 134 S. Ct. 893 (2014) (ordering that the "[p]ermanent injunction issued by the [district court]" is "stayed pending final disposition of the appeal"); *see also Herbert v. Evans*, No. 14A65, 2014 WL 3557112 (U.S. July 18, 2014) (staying recognition of marriage licenses issued to same-sex couples pending appeal).

The Tenth Circuit has already interpreted the Supreme Court's stay in *Herbert v. Kitchen* as requiring circuit courts to stay their mandates pending the filing of a petition for a writ of certiorari. Recently, when issuing its decision in the Utah marriage case, the Tenth Circuit stated that "[i]n consideration of the Supreme Court's decision to stay the district court's injunction pending the appeal to our circuit, we conclude it is appropriate to STAY our mandate pending the

2

disposition of any subsequently filed petition for writ of certiorari." *Kitchen v. Herbert*, No. 13-4178, 2014 WL 2868044, at *32 (10th Cir. June 25, 2014). The Tenth Circuit similarly stayed its mandate in its recently filed decision in the Oklahoma marriage case. *See Bishop v. Smith*, Nos. 14-5003, 14-5006, 2014 WL 3537847, at *21 (10th Cir. July 18, 2014) ("We STAY our mandate pending the disposition of any subsequently-filed petition for writ of certiorari.").

Other circuit-court judges have observed that *Herbert v. Kitchen* requires lower courts to maintain the status quo on marriage until the appeals in these marriage cases are finally concluded. For example, Judge Hurwitz on the Ninth Circuit noted that "the Supreme Court, in *Herbert v. Kitchen*, 134 S. Ct. 893 (2014), has virtually instructed courts of appeals to grant stays" in these cases. Order, *Latta v. Otter*, No. 14-35420 at 3 (9th Cir. May 20, 2014), *available at* http://cdn.ca9.uscourts.gov/datastore/general/2014/05/20/14-35420a.pdf.  In other words, Judge Hurwitz noted, the Supreme Court's stay in *Herbert* "provides a clear message"—"that district court injunctions against the application of laws forbidding same-sex unions should be stayed . . . pending court of appeals review." *Id.* at 5. Full appellate-court review includes the opportunity to petition the Supreme Court for review. Indeed, the same reasons that warrant staying district-court injunctions pending appeal in these marriage cases counsel in favor of staying the mandate pending the disposition of a petition for a writ of certiorari.

3

Heeding the Supreme Court's guidance in *Herbert v. Kitchen*, and following the Tenth Circuit's lead in *Kitchen* and *Bishop*, this Court should stay the issuance of the mandate pending the exhaustion of all appeals in this case.

## BACKGROUND

Plaintiffs brought this lawsuit to challenge the constitutionality of Virginia's laws defining marriage as the union of a man and a woman. They claim that those laws violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. On February 13, 2014, the District Court issued an opinion and order declaring those laws invalid and enjoining their enforcement. *See Bostic v. Rainey*, 970 F. Supp. 2d 456, 484 (E.D. Va. 2014). The District Court stayed execution of its injunction pending the final disposition of any appeal to this Court. *Id.* On July 28, 2014, this Court affirmed the District Court's judgment. *See Bostic v. Schaefer*, Nos. 14-1167, 14-1169, 14-1173, 2014 WL 3702493, at *16 (4th Cir. July 28, 2014). This Court's mandate is scheduled to issue on August 18, 2014. *See* Fed. R. App. P. 41(b).

## ARGUMENT

Staying the issuance of the mandate pending application for a writ of certiorari is appropriate because (1) the petition will "present a substantial question" and (2) "there is good cause for a stay." Fed. R. App. P. 41(d)(2)A); Local Rule 41.

4

## I.   A Certiorari Petition in this Case Will Present a Substantial Question.

The Supreme Court has already indicated that the question presented in this case is substantial. Just last year, in *Hollingsworth v. Perry*, the Supreme Court granted certiorari to decide the same question presented in this case: whether the Fourteenth Amendment to the United States Constitution forbids States from defining marriage as the union of a man and a woman. *See* Petition for Writ of Certiorari at i, *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (No. 12-144), *certiorari granted* 133 S. Ct. 786 (2012) (granting certiorari to decide the question whether the Fourteenth Amendment prohibits the State of California from defining marriage as the union of a man and a woman). Although the Supreme Court did not reach the merits in that case due to Petitioners' lack of standing, its grant of certiorari to decide the substantive question conclusively establishes that the Supreme Court considers the question presented in this case to be substantial.

Furthermore, a stay is appropriate under this Court's precedent because this case presents "a 'close' question"—that is, a question "that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curium) (defining "substantial question" when construing a standard in 18 U.S.C. § 3143 that is similar to the standard under Rule 41); *see also Herzog v. United States*, 75 S. Ct. 349, 351 (1955) (Douglas, J. in chambers) ("The fact that one judge would be likely to see merit in the contention is . . . enough to indicate

5

its substantiality."). That this case presents a close question is confirmed by the panel's split opinion. *See Bostic*, 2014 WL 3702493, at *16-17 (Niemeyer, J., dissenting). It is further confirmed by the fact that the panel's decision conflicts with the Eighth Circuit's holding in *Citizens for Equal Protection v. Bruning*, 455 F.3d 859, 871 (8th Cir. 2006) and every state appellate decision that has addressed a federal constitutional challenge to a State's man-woman marriage laws. *See In re Marriage of J.B. & H.B.*, 326 S.W.3d 654, 681 (Tex. App. 2010) *review granted*, No. 11-0024 (Tex. Aug. 23, 2013); *Standhardt v. Superior Court ex rel. Cnty. of Maricopa*, 77 P.3d 451, 465 (Ariz. Ct. App. 2003), *review denied*, CV-03-0422-PR, 2004 Ariz. LEXIS 62 (Ariz. May 25, 2004); *Dean v. District of Columbia*, 653 A.2d 307, 308 (D.C. 1995) (per curiam); *Singer v. Hara*, 522 P.2d 1187, 1197 (Wash. Ct. App.), *review denied*, 84 Wash. 2d 1008 (1974); *Jones v. Hallahan*, 501 S.W.2d 588, 590 (Ky. 1973); *Baker v. Nelson*, 191 N.W.2d 185, 187 (Minn. 1971), *appeal dismissed for want of a substantial federal question*, 409 U.S. 810 (1972). Thus, because this case presents a "close" question, one upon which reasonable judges may disagree, the question presented is substantial.

## II.    There is Good Cause to Stay the Mandate.

Good cause supports this request to stay the mandate because a stay will ensure the orderly resolution of the important constitutional question presented in

this case while avoiding uncertainty for the public and irreparable injury to the Commonwealth.

The absence of a stay will likely produce legal uncertainty and confusion. The Utah marriage case serves as a useful example. In Utah, after the district court struck down the state's marriage laws, the district court and the Tenth Circuit declined to issue a stay. *See* Order on Motion to Stay, *Kitchen v. Herbert*, No. 2:13-cv-00217-RJS (D. Utah Dec. 23, 2013); Order Denying Emergency Motion for Stay and Temporary Motion for Stay, *Kitchen v. Herbert*, 12-4178 (10th Cir. Dec. 24, 2013). As a result, many same-sex couples in Utah obtained marriage licenses pursuant to the district court's injunction. *See* Jennifer Dobner, *Same-sex couples sue Utah over refusal to recognize gay marriages*, Chicago Tribune, January 21, 2014, http://articles.chicagotribune.com/2014-01-21/news/sns-rt-us-usa-gaymarriage-utah-20140109_1_governor-gary-herbert-gay-marriages-utah. Days later, however, the Supreme Court stayed the injunction, and Utah's man-woman marriage laws went back into effect. Thus, the State of Utah now declines to recognize the licenses that were issued to same-sex couples during that interim period. *See* Press Release, Office of the Utah Governor, *Governor's Office gives*

7

*direction to state agencies on same-sex marriages* (Jan. 8, 2014), http://www.utah.gov/governor/news_media/article.html?article=9617.[1]

Same-sex couples who obtained licenses during that period filed a lawsuit in federal court to require the State to recognize those licenses as valid. *See Evans v. Utah*, No. 2:14-cv-55, 2014 WL 2048343 (D. Utah May 19, 2014). The district court held that the interim licenses must be recognized, *see id.* at *20-21, but the Supreme Court again stayed that decision pending appellate resolution. *Herbert v. Evans*, No. 14A65, 2014 WL 3557112 (U.S. July 18, 2014) (staying recognition of same-sex marriage licenses pending appeal). Thus, the validity of those licenses is still in limbo.

Failing to stay the mandate pending the filing of a petition for writ of certiorari is likely to result in similar confusion and uncertainty in Virginia. In the absence of a stay, same-sex couples in Virginia may obtain marriage licenses during an interim period only to have their validity become immediately questionable should the Supreme Court disagree with the panel's resolution of this case. The uncertainty would extend beyond the couples who obtain marriage licenses. Many private and governmental entities, from large institutions to small

---

[1] Similar events occurred in Michigan. *See* Paul Egan & Tresa Baldas, *Court issues stay on Mich. same-sex marriages*, USA Today (Mar. 23, 2014), *available at* http://www.usatoday.com/story/news/nation/2014/03/22/court-issues-stay-on-mich-same-sex-marriages-/6743367/.

8

establishments, would be placed in difficult situations as they are asked to recognize marriages of doubtful validity.

Furthermore, the Commonwealth and public officials throughout Virginia will suffer irreparable injury and other hardships in the absence of a stay. Of particular note, "it is clear that a state suffers irreparable injury whenever an enactment of its people . . . is enjoined." *Coalition for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) (citing *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("It also seems to me that any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.")); *see also O Centro Espirita Beneficiente Uniao De Vegetal v. Ashcroft*, 314 F.3d 463, 467 (10th Cir. 2002) (granting a stay of an injunction because a State suffers irreparable harm when its statutes are enjoined). In addition, public officials throughout the Commonwealth would have to revise forms, policies, and rules to accommodate the district court's injunction, but may have to revise them back if the Supreme Court grants a stay or ultimately upholds the Commonwealth's man-woman marriage laws.

Furthermore, the effect of this Court's mandate will extend beyond this case to similar cases pending in this Circuit. *See, e.g.*, *McGee v. Cole*, No. 3:13-cv-24068 (S.D.W.V.); *Fisher-Borne v. Smith*, No. 1:12-cv-00589 (M.D.N.C.);

9

*Bradacs v. Haley*, No. 3:13-cv-02351 (D.S.C.). If the Supreme Court ultimately disagrees with this Court's split opinion, staying the mandate will prevent this Court's decision from bringing about temporary results in those cases that will all need to be undone. In short, staying the mandate will allow the orderly and dignified resolution of this important constitutional question not only in Virginia, but throughout this entire Circuit.

## CONCLUSION

For the foregoing reasons, this Court should stay the mandate in this case pending the filing of a petition for a writ of certiorari. That stay, pursuant to Federal Rule of Appellate Procedure 41(d)(2)(B), should be extended upon the filing of the petition, and it should remain in place until the Supreme Court's final disposition.

Dated: August 1, 2014

Respectfully submitted,

s/Byron J. Babione
Byron J. Babione
Kenneth J. Connelly
J. Caleb Dalton
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020 (t); (480) 444-0028 (f)
bbabione@alliancedefendingfreedom.org

David Austin R. Nimocks
ALLIANCE DEFENDING FREEDOM
801 G Street N.W., Suite 509
Washington, D.C. 20001
(202) 393-8690 (t); (480) 444-0028 (f)
animocks@alliancedefendingfreedom.org

*Attorneys for Michèle B. McQuigg*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2014, the foregoing document was electronically filed with the Clerk of Court, and served on all parties or their counsel of record through the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

Date: August 1, 2014               s/Byron J. Babione
                                      Byron J. Babione